UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-20949-CV-LENARD/TURNOFF

GLEN ROY ELLIS,
on behalf of himself and
similarly situated employees
of Defendants,

    Plaintiffs,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
CELEBRITY CRUISES INC., and
CELEBRITY CATERING SERVICES
PARTNERSHIP,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss **[DE 15]**, and an Order of Referral entered by the Honorable Joan A. Lenard on August 20, 2010. **[DE 18]**. Upon review of the Motion **[DE 15]**, the Response **[DE 22]**, the court file, and being otherwise duly advised in the premises, the undersigned makes the following findings.

Plaintiff, Glen Roy Ellis ("Plaintiff"), filed this class action against Royal Caribbean Cruises, Ltd., Celebrity Cruises, Inc., and Celebrity Catering Services Partnership (collectively "Defendants") on March 25, 2010. **[DE 1]**. The Complaint alleges, *inter alia*, violation of the Seamen's Wage Act, 46 U.S.C. § 10313, *et seq*. Id.

Defendants filed the instant Motion to Dismiss **[DE 15]** on August 19, 2010. In their Motion, Defendants argue that the action should be dismissed under Fed.R.Civ.P. 12(b)(3) due to applicable collective bargaining agreements that require Plaintiff to submit his claims to arbitration. **[DE15]**.

Alternatively, Defendants make several arguments for dismissal under Fed.R.Civ.P. 12(b) for failure to state a claim. Id.

The pertinent provision of the Collective Bargaining Agreement states,

> If not resolved by the Union, the Owners/Company, and/or the Seafarer, all grievances and any other dispute whatsoever, whether in contract, regulatory, tort or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Owners/Company, including but not limited to claims for personal injury or death, no matter how described, pleaded or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. ("The Convention"), except as otherwise provided in any government mandated contract, such as the Standard POEA Contract for Philippine Seafarers. Any arbitration shall take place in the Seafarer's country of citizenship or the ship's flag, unless arbitration is unavailable under the Convention in those countries, in which case only said arbitration shall take place in Miami, Florida.

See, [DE 15-3], Ex. C, Art. 26(d)].

In this connection, Defendants correctly note that courts view an agreement to arbitrate before a specified tribunal as, in effect, a specialized kind of forum selection clause that posits not only the situs of the suit, but also the procedure to be used in resolving the dispute. See Scherk v. Alberto-Culver Co., 417 U.S. 506 (1974).

With the exception of a few reservations and disclaimers, Plaintiffs agree – at least in principal. Specifically, in their Response to the Motion, Plaintiffs indicate that they now "consent to arbitration of [their] claims." [DE 22]. Plaintiffs specifically note that "the parties very recently have agreed to arbitration of this matter in Miami. Hence, the Motion to Dismiss is now moot." Id. Notwithstanding the referenced consent to arbitration, Plaintiffs expressly reserve their right to,

> [c]ontest all other issues – factual and legal – averments, and allegations presented in Defendants' motion, and expressly reserve all rights to redefine the proposed class, by size, scope, duration and by other terms. Plaintiffs also reserve the right to argue at a later date that arbitration should not be allowed to continue, in part or in full, in favor of a court proceeding,

for any cause. Plaintiffs also expressly reserve the right to court review of all issues in the arbitration.

**[DE 22]**.

The Court has reviewed the relevant pleadings and the applicable law and finds that this cause should be submitted to arbitration and **RESPECTFULLY RECOMMENDS** that the Court **ADOPT** the parties' agreement. However, the Court disagrees with Plaintiffs' suggestion that the Motion should be deemed moot.

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Defendants' Motion **[DE15]** be **GRANTED**. In light of Plaintiffs' consent to arbitration of their claims, the Court need not address Defendants' alternative grounds for dismissal under Fed.R.Civ.P. 12 (b)(6). It is **FURTHER RESPECTFULLY RECOMMENDED** that this case be **CLOSED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ____ day of September 2010.

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joan A. Lenard
Counsel of Record